46890. DEMPSEY et al. v. ELLINGTON.

HALL, Presiding Judge. Defendant-appellants are the administrators of an estate which owns certain real property. The land was sold to the other defendants in this action. The lessee at the time of the sale is the plaintiff here. Following some litigation between the administrators and the lessee only, the parties agreed to a consent judgment under which the lease was canceled and the administrators agreed to transfer and convey to the plaintiff the cotton allotment (and right to receive payments) for the next five years.

The administrators signed the transfer form provided by the government but the buyers refused to consent to it and filed suit to enjoin the transfer. (That suit was determined adversely to the buyers who still refuse their consent). The government has also refused to make the transfer pending clarification of the legal claims. The plaintiff brought this action against the buyers and the administrators, alleging the facts outlined above and alleging that the allotment has a cash value of $5,000. The prayer for relief contained these relevant demands: "That the defendants named in this complaint be ordered by the court to perform every act necessary to accomplish the provisions of the consent judgment"; "For re-

lief in the alternative . . . to set aside said order and restore the lease" (this prayer was later struck by amendment); and "For such other and further relief as to the court appears necessary to do complete justice between the parties."

The buyers answered and contested jurisdiction. The administrators did not appear at all. The case was placed on the default calendar and neither set of defendants was present when the case was tried. A jury returned a verdict for plaintiff for $5,000.

1. Plaintiff's motion to dismiss the appeal is denied. The appellants may elect to attack the judgment in the court below or to appeal directly. *Code Ann.* § 6-702.

2. The administrators appeal from the default judgment, contending that the grant of money damages is different in kind from the relief demanded in the complaint and is therefore error. *Code Ann.* § 81A-154 (c) states, "A judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment." Plaintiff contends that the general prayer ("for such other and further relief, etc."), combined with the allegation of cash value, was sufficient to authorize the judgment for money damages.

We can find no Georgia case construing the "different in kind" test in a default judgment. However, the rule in other jurisdictions seems to require greater specificity than the pleadings here. "Plaintiff's relief in a judgment by default is strictly limited in nature and degree to that specifically demanded in the complaint, even though the allegations or the proofs, or both, would justify, other, additional, or greater relief, as under a prayer for general relief." 49 CJS 378, Judgments, § 214b (2). See also 47 AmJur2d 199, Judgments, § 1176; 6 Moore's Federal Practice 1205, § 54.61 (The prayer must be sufficiently specific that the court can follow the mandate of the rule.)

The reason for this rule was well stated in a Minnesota case. "A defendant should have the right to submit without contest to a judgment specifically demanded by the

plaintiff in his complaint; and, where he so submits, the defendant should not be under an obligation to follow the proceedings to see to it that such a judgment is taken against him, but should be protected in the assumption that only such a judgment can and will be granted." Duenow v. Lindeman, 223 Minn. 505, 512 (27 NW2d 421).

This rationale is particulary appropriate under the facts of this case. The administrators had already done what they had agreed to do under the consent judgment. It was the other set of defendants who were holding out. This action appeared to be one to compel the buyer's performance which the administrators would have no reason to contest. We cannot say they would not have answered if it had appeared to be an action for money damages. The court erred in entering a judgment of this kind.

*Judgment reversed. Pannell and Quillian, JJ., concur.*

SUBMITTED FEBRUARY 1, 1972—DECIDED FEBRUARY 23, 1972— REHEARING DENIED MARCH 14, 1972—

*A. R. Barksdale,* for appellants.
*Hoyt L. Bradford,* for appellee.