## 47748. GOLDBERG v. PAINTER.

CLARK, Judge. After rendition of judgment by default, did the trial court err in granting defendant-appellee's motion to set aside such default judgment where legal service had been made at defendant's residence by leaving a copy with his wife?

Goldberg, an architect, sued Painter in the State Court of DeKalb County alleging a debt due him for professional services. The officer's return of service dated April 28, 1972, recites the court papers were left at defendant's "Most notorious place of abode in this county. Delivered same into the hands of wife . . . domiciled at the residence of the defendant." No timely defense being filed, judgment was rendered by default on June 16, 1972. Thereafter an execution was issued with a copy of the fieri facias being mailed defendant ten days later. Defendant averred this was his first notice of the suit. Such averment is made in his motion to set aside the judgment wherein it is further alleged that the first notice he had of any claim by plaintiff was

a letter dated March 1, 1972, in which plaintiff stated he had been to defendant's home during his absence so that "the plaintiff knew that he was out of the country." His motion also noted his employment as an engineer required him to travel. He further averred "He has a meritorious defense, offers to plead instanter and answers ready to proceed with the trial." This motion to set aside the default judgment was sustained with the court ordering both the judgment and the accompanying fi. fa. to be set aside. This appeal is from that order. *Held:*

This case is on all fours with *Davison-Paxon Co. v. Burkart,* 92 Ga. App. 80 (88 SE2d 39). There service was made at the residence by handing a copy to the spouse, which duplicates the situation here. Beginning on the last line of page 83 our court said: "Here we have a case where the defendant was legally served at his residence. He admits it; but we are asked, in effect, to hold that, where a default judgment is rendered against a defendant who was unaware of the valid service, the judgment should be set aside simply upon a showing that he had a meritorious defense, even though his response to the summons was frustrated by his own wife. The prompt and proper functioning of the courts can not be thus impeded. To accept such a view would make it possible for legal service to be emasculated by anyone who felt enough interest in the person served in terms of the law to secretly withhold from him the summons of the court."

Since *Davison-Paxon Co. v. Burkart,* 92 Ga. App. 80, supra, the Civil Practice Act has been adopted which provides in Code Ann. § 81A-160 (d) that to set aside a default judgment there must be "some non-amendable defect which does appear upon the face of the record or pleading." This differs from the opening of a default prior to judgment under Code Ann. § 81A-155 which permits opening the default as a

matter of right within 15 days of the default by filing defenses and payment of costs and with a discretionary right given the court "at any time before final judgment" for providential cause or for excusable neglect or "where the judge, from all the facts, shall determine that a proper case has been made for the default to be opened on terms to be fixed by the court." (Code Ann. § 81A-155 (b)).

Appellee's counsel recognizes the binding effect of our codal requirement of "a non-amendable defect" appearing upon the face of the record or pleadings. He argues that legally the method of residence service should be limited in its application, pointing out that his absence from this state was known to the plaintiff and urges this court to rule that under these circumstances service of process upon the absence of defendant should be either by publication under Code Ann. § 81A-104 (e)(1) or by personal service outside the state under Code Ann. § 81A-104 (e) (2) in addition to or in lieu of notorious service. We cannot accept this assertion as we do not have the power to legislate.

Rulings by this court similar to that herein made are *Martin v. Prior Tire Co.*, 122 Ga. App. 637 (178 SE2d 306) with other citations therein and *Aiken v. Bynum*, 128 Ga. App. 214. See also "Default Judgment Under the Federal Rules of Civil Procedure and the Georgia Civil Practice Act" in 7 Ga. State Bar Journal 385.

The trial judge erred in setting aside a judgment which was based upon legal service and which does not show that it is "predicated upon some non-amendable defect which does appear upon the face of the record or pleading."

*Judgment reversed. Hall, P. J., and Evans, J., concur.*

ARGUED JANUARY 5, 1973 — DECIDED FEBRUARY 7, 1973.

*Nall, Miller & Cadenhead, Gerald A. Friedlander*, for

appellant.