### 50735. ORKIN EXTERMINATING COMPANY v. TOWNSEND et al.

CLARK, Judge.

Via certificate of immediate review, plaintiff appeals from the grant of co-defendant Knox A. Griffin's motion to set aside judgment rendered in favor of plaintiff Orkin Exterminating Company.

Plaintiff brought suit against Wendell L. Townsend, doing business as Townsend Roofing Company, and Continental Casualty Company, Townsend's bondsman, alleging defendants were liable for the defective installation of a roof upon an annex to plaintiff's building.

Thereafter, plaintiff amended its complaint to add Knox A. Griffin, an architect, as a party defendant, alleging Griffin was also liable for having faultily designed the roof. This appeal is concerned only with the subsequent history of plaintiff's suit with regard to defendant Griffin.

Following service of the amended complaint, Griffin failed to answer and his case became in default. On the day of the trial limited to the issue of damages, plaintiff amended its complaint to increase the demand for judgment from $19,750 to $23,500. Upon the trial's conclusion, the jury rendered a verdict for the increased amount. Determining that there was no just reason for delay, the trial court directed the entry of judgment against defendant Griffin only in accordance with the jury's verdict.

More than one year later, Griffin made a motion to set aside the judgment. This attack came after defendant Townsend moved for summary judgment in the case remaining for trial. There, in opposition to Townsend's motion, plaintiff submitted two affidavits which bear upon the case sub judice. By way of the first affidavit, plaintiff exhibited its correspondence with regard to the "roof" litigation. In one such letter, written long after the roof was completed and the defects were discovered, plaintiff's insurance director wrote that "the building is well designed and is in sound condition." In the second affidavit, plaintiff's maintenance supervisor averred that the "roofing problems were the result of the improper performance of the roofing contractor [Townsend] which included poor workmanship, improper application of the roofing materials and the use of defective materials."

The trial court concluded that (1) it would be "unconscionable to allow plaintiff to recover damages from defendant Knox A. Griffin for alleged faulty roof design when plaintiff, by its own affidavits in opposition to another defendant's motion for summary judgment, shows that the roof was not faultily designed" and (2) "plaintiff's action in amending its complaint to increase the amount sought from defendant Knox A. Griffin on the same date that plaintiff took a default judgment against defendant Griffin" was unlawful. Consequently, the trial court granted Griffin's motion to set aside. *Held:*

1. A motion to set aside must be predicated upon a nonamendable defect which affirmatively appears on the face of the pleadings or record. Code Ann. § 81A-160 (d); *Paine v. Bd. of Tax Assessors,* 124 Ga. App. 233 (183 SE2d 474); *Goldberg v. Painter,* 128 Ga. App. 214 (196 SE2d 157). Defendant contends a nonamendable defect appears on the face of the record sub judice since plaintiff's affidavits contradict the allegations of the complaint. In support of his contention, defendant cites the case of *Gilham v. Stamm & Co.,* 117 Ga. App. 846 (162 SE2d 248).

In *Gilham,* a default judgment in a suit on account was rendered against an individual defendant who had been sued jointly with a corporate defendant. The account sued upon, attached to the complaint as an exhibit, showed that the items and services were sold and delivered to the corporate defendant only. Since the exhibit contradicted the general allegations of the petition, and since an exhibit attached to a complaint controls over its general allegations, the court was presented with a nonamendable defect on the face of the pleadings. Accordingly, as to the individual defendant, a motion to set aside was in order.

Defendant's reliance upon *Gilham* is not apropos. In that case, the court was confronted with a solemn admission in judicio as made by the pleadings. See *Nat. Advertising Co. v. North American Ins. &c. Co.,* 122 Ga. App. 481 (177 SE2d 510). Since such a judicial admission is conclusive and cannot be disproved by the party making it (*Head v. Lee,* 203 Ga. 190 (8) (45 SE2d 666); 11 EGL, Evidence § 98), the *Gilham* defect was a nonamendable defect. Here, however, the affidavits in question do not constitute a judicial admission. They merely contain admissions which weigh against plaintiff's claim. This evidence is not conclusive upon plaintiff and does not, therefore, negate its cause of action. Accordingly, we hold that the admissions contained in plaintiff's affidavits do not present a nonamendable defect on the face of the record.

2. Code Ann. § 81A-154 (c) provides, in part: "A judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment." The reason for this rule is well stated in

Wright & Miller, Federal Practice and Procedure: Civil § 2663: "It would be fundamentally unfair to have the complaint lead defendant to believe that only a certain type and dimension of relief was being sought and then, should he attempt to limit the scope and size of the potential judgment against him by not appearing or otherwise defaulting, allow the court to give a different type of relief or a larger damage award." See also *Dempsey v. Ellington,* 125 Ga. App. 707, 708 (2) (188 SE2d 908). Thus, where a judgment in a default case grants more relief than that originally requested, it is to that extent a nullity. Pueblo Trading Co. v. El Camino Irr. Dist., 169 F2d 312 (9th Cir. 1948), cert. denied, 335 U. S. 911; *Georgia Farm Bureau Mut. Ins. Co. v. Williamson,* 124 Ga. App. 549, 551 (5) (184 SE2d 665).

Here the portion of the judgment under attack which awards plaintiff more relief than it requested in its original complaint is null and void. Accordingly, we reverse the grant of defendant's motion to set aside with the direction that damages in excess of $19,750 be written off. See generally *Chicago Bldg. &c. Co. v. Butler,* 139 Ga. 816 (1) (78 SE 244); *Georgia Farm Bureau Mut. Ins. Co. v. Williamson,* supra.

*Judgment reversed with direction that damages in excess of $19,750 be written off. Pannell, P. J., and Quillian, J., concur.*

ARGUED JUNE 26, 1975 — DECIDED SEPTEMBER 3, 1975 — REHEARING DENIED OCTOBER 7, 1975.

*Kaler, Karesh & Frankel, Irving K. Kaler, Jerry L. Sims, David I. Funk,* for appellant.

*Hurt, Richardson, Garner & Todd, W. Seaborn Jones, Paul M. Talmadge, Sr., Wilkinson, Nance & Wittner, A. Mims Wilkinson, Jr., Greene, Buckley, DeRieux & Jones, John D. Jones,* for appellees.