## 64568. HARTFORD INSURANCE COMPANY v. MOBLEY et al.

SHULMAN, Presiding Judge.

Appellant brought this action to recover damages caused by appellees to property insured by appellant. Appellees filed no answer. Appellant made out a case for damages before the trial court pursuant to Code Ann. § 81A-155 (a) (OCGA § 9-11-55 (a)). The trial court awarded the damages requested with the exception of attorney fees sought under the provisions of Code Ann. § 20-1404 (OCGA § 13-6-11). The reason given by the trial court for denying attorney fees was that the grant of such expenses is discretionary and that the trial court, in the exercise of that discretion, denied the claim. The sole enumeration of error on appeal is the trial court's refusal to award attorney fees in any amount.

Under this court's holding in *Brannon Enterprises, Inc. v. Deaton,* 159 Ga. App. 685 (285 SE2d 58), we are constrained to rule that the trial court erred in denying appellant's claim for attorney fees. Here, as in *Brannon Enterprises,* the defendants did not respond in any way to appellant's claim for damages. Therefore, as a matter of law, appellees put appellant to unnecessary trouble and expense within the meaning of Code Ann. § 20-1404.

In *Brannon Enterprises,* this court affirmed the trial court's ruling that the plaintiff could not rely on the allegations of the complaint to establish the amount of reasonable attorney fees and remanded the case for further consideration of the amount of attorney fees to be awarded. Here, however, appellant did present evidence of the amount of reasonable attorney fees. Evidence of customary fees, such as the evidence offered by appellant in the present case, is the proper standard in assessing reasonable attorney fees. *Good Housekeeping Shops v. Hines,* 150 Ga. App. 240 (5) (257 SE2d 205). This case must, therefore, be remanded to the trial court with direction that the trial court enter judgment for appellant for attorney fees in an amount consistent with the evidence adduced before the trial court.

*Judgment reversed with direction. Quillian, C. J., concurs. Carley, J., concurs in the judgment only.*

D<small>ECIDED</small> N<small>OVEMBER</small> 10, 1982.

*Stephen H. Harris,* for appellant.
Delton Mobley, Vickie A. Mobley, *pro se.*