71444. BETTS v. FIRST GEORGIA BANK.
(339 SE2d 616)

DEEN, Presiding Judge.

First Georgia Bank filed suit against appellant David E. Betts on February 11, 1985, seeking to recover in three counts on three separate promissory notes in the principal amounts of $150,000, $15,000 and $25,000. The first count of the complaint alleged that "[a]s of February 8, 1985, the total principal due was $150,000.00, combined with interest that had accrued of $3,090.68, and interest continues to accrue at the rate of $65.63 per diem"; a copy of the note showing the principal sum of $150,000 and a maturity date of December 21, 1984, was attached thereto as an exhibit. However, due to a typographical error the demand for judgment requested as relief "[a]s to Count One, $15,000.00 in principal, $3,090.68 in interest that has accrued until February 8, 1985, per diem interest at the rate of $65.63 per day until the date of judgment, and attorney's fees in the sum of fifteen (15%) percent of all principal and interest recovered . . ." Betts did not answer or otherwise appear after service of summons and the complaint, and on April 5, 1985, the trial court entered default judgment for the bank on each note, including the full $150,000 principal amount alleged to be owing in Count One of the complaint.

On May 10, 1985, Betts filed a motion to reduce that portion of the judgment pertaining to Count One to conform to the amount prayed for in the demand for judgment in accordance with OCGA § 9-11-54 (c) (1). The bank then filed a motion to set aside its own default judgment as to all three counts pursuant to OCGA § 9-11-60 (d) on the ground that a nonamendable defect appeared on the face of the complaint, and to re-enter final judgment in its favor on Counts Two and Three since Betts remained in default and there was no just

reason for delay under OCGA § 9-11-54 (b) as to those two counts. The trial court reasoned that because OCGA § 9-11-54 (c) (1) prohibits a judgment by default from exceeding the amount prayed for in the demand for judgment, the bank could not be awarded the $150,000 principal sought under Count One, rendering the defect nonamendable and the judgment subject to be set aside under OCGA § 9-11-60 (d). Betts appeals the grant of the bank's motion to set aside, contending that because the demand in a complaint is amendable prior to judgment it cannot be made into a nonamendable defect simply because a judgment has been taken.

We agree with appellant that "[w]here the pleadings join issue as to whether the prevailing party is entitled to a recovery in money, the omission [or mis-statement] of a prayer for relief of that nature may be cured by amendment, and hence is not a ground of a motion [to set aside]." *Wright v. Fla.-Ga. Tractor Co.*, 218 Ga. 824 (2) (130 SE2d 736) (1963). See OCGA § 9-12-15. It also appears that default judgments may be conformed to the pleadings at subsequent terms of court: "Not only mere clerical errors, but also irregularities in the judgment, if they appear on the face of the record, may be corrected after the expiration of the term; and irregular judgments may be made perfect. [Cits.]" *Williams v. Stancil*, 119 Ga. App. 800 (1) (168 SE2d 643) (1969). Further, an amendable defect may be waived by the defendant's failure to object thereto at trial. *Harvard v. Walton*, 243 Ga. 860 (1) (257 SE2d 280) (1979).

The problem here is that the typographical error is in the pleading rather than the judgment, and this defect was apparently intentionally waived by appellant so as to serve in his favor. Had the issue been raised at any time in the first 25 days after entry of the judgment, the trial court had inherent authority on its own motion and without notice to any party to vacate the judgment. *Bank of Cumming v. Moseley*, 243 Ga. 858 (257 SE2d 278) (1979). By going into default, however, appellant was able to take advantage of the limitation imposed by OCGA § 9-11-54 (c) (1) on damages that can be awarded by default judgment.

As appellant points out, this court has recognized that the reason for the CPA § 54 (c) (1) rule is that " '[i]t would be fundamentally unfair to have the complaint lead defendant to believe that only a certain type and dimension of relief was being sought and then, should he attempt to limit the scope and size of the potential judgment against him by not appearing or otherwise defaulting, allow the court to give a different type of relief or a larger damage award.' [Cits.]" *Orkin Exterminating Co. v. Townsend*, 136 Ga. App. 50, 53 (2) (220 SE2d 14) (1975). But the notes involved here were signed by appellant in his individual capacity, the $150,000 loan only six months prior to service of the lawsuit against him, and it stretches

credulity to suggest that he was misled by the bank's demand for judgment to believe that only 10% of the principal sum on which he was indebted was sought to be recovered under Count One. Moreover, by his default appellant "admitted the contractual obligation and that [he] owed [the bank] the sum alleged. This rendered the damages liquidated and as a fact admitted was not a matter of necessary proof to court or jury. [Cits.]" *Brown v. Interfaith Christian Church*, 155 Ga. App. 928, 929 (274 SE2d 18) (1980); OCGA § 9-11-55 (a). Thus it can only be surmised that the application of OCGA § 9-11-54 (c) (1) advocated by appellant is not to assure fair notice, but to preclude through a procedural technicality the claim the bank proved against him.

Having waited until the expiration of the term of court, thereby assuring that neither the trial court nor the bank could correct the typographical error other than pursuant to OCGA § 9-11-60 (d), appellant now asserts that those procedures are unavailable to the bank. However, nothing in OCGA § 9-11-60 (d) prohibits a plaintiff from moving to set aside its own judgment, if founded upon a nonamendable defect on the face of the record. See, e.g., *Gulf Oil Co. v. Mantegna*, 167 Ga. App. 844 (2) (307 SE2d 732) (1983); *Sunn v. Mercury Marine*, 166 Ga. App. 567 (1) (305 SE2d 6) (1983). (See also *Love v. Moore*, 283 SE2d 801 (N.C. App., 1981), where the motion to set aside procedure was authorized even though the statute, unlike Georgia's, expressly allows its use only by the party "against" whom a judgment has been entered.) Moreover, the relief sought by the bank was neither "fundamentally unfair" nor did it work any undue hardship on appellant. Since a "defendant is entitled to receive notice of all the proceedings in the action, . . . if plaintiff desires to change his prayer for relief, defendant would be notified of the circumstances and could re-evaluate whether he wished to defend actively. . . . Thus, the party previously in default would be in the same position as if he were confronted by an original complaint with the new ad damnum. There would then be an opportunity to grant full relief in accordance with the merits of plaintiff's claim." 10 Wright & Miller, Fed. Prac & Proc: Civil § 2663.

Appellant never sought to open the default and, with notice that the bank sought to have Counts Two and Three of its complaint re-entered when the trial court returned the case to default status, failed to present any argument or proof that such re-entry of judgment would be improper. "When a default judgment has been granted and is then set aside under [OCGA § 9-11-60], the case returns to the posture it occupied prior to the default judgment, and the defendant must file responsive pleadings to avoid defaulting a second time [Cit.] . . . But nothing filed by [appellant] can serve as an answer because nothing contains specific or general denials of the allegations found in

the complaint. [Cits.]" *Bank of Cumming v. Moseley*, supra at 858-59. Until this appeal appellant made no effort to contest the bank's right to recover on Counts Two and Three so as to avoid a default judgment, and we find no appropriate reason to deny the bank full recovery under Count One as corrected should appellant present no valid defense thereto. It follows that our affirmance of the trial court's grant of the bank's motion to set aside the judgment renders moot the enumeration of error based upon denial of appellant's motion to reduce the judgment on Count One of the complaint to the sum specified in the original demand for judgment.

*Judgment affirmed. Pope and Beasley, JJ., concur.*

DECIDED DECEMBER 4, 1985 —
REHEARING DENIED DECEMBER 18, 1985 —

*Thomas W. Tucker*, for appellant.
*Herbert D. Shellhouse, Thomas C. Taylor*, for appellee.