### 77444. HARBOR LIGHT MARINA v. ELLIS.
(378 SE2d 746)

POPE, Judge.

Appellee took a default judgment against appellant in the amount of $12,500 in damages, and $2,500 in attorney fees. Appellant sought to have the default opened within the same term of court, but the trial court denied the motion. In the underlying complaint, appellee alleged that appellant was negligent in repairing a boat he owned, resulting in its sinking. The trial court considered evidence regarding damages before entering judgment.

1. Appellee's motion to dismiss the appeal for failure to file an application for review pursuant to OCGA § 5-6-35 (a) (8) is denied. Appellant does not rely on the provisions of OCGA § 9-11-60, but rather upon the inherent power of a trial court to modify or set aside its judgment within the same term of court. Appeal from this "discretionary" power of the trial court is direct. *Allstate Ins. Co. v. Clark,* 186 Ga. App. 58 (1) (366 SE2d 394) (1988).

2. The record shows that Kenneth Ingram, President of Marikai Enterprises, Inc. d/b/a Harbor Light Marina, was personally served with the complaint, requests for admissions and interrogatories. Ingram averred that he did not respond to the complaint because he believed that suit had to be brought in the company's corporate name (Marikai Enterprises), not its trade name (Harbor Light Marina), as was the case here. Ingram also averred that he believed he had sixty days in which to respond to the complaint and that he did not notice the different time stated in the summons attached to the appellee's interrogatories. The trial court found no reason to set aside its default judgment. We find no abuse of discretion by the trial court in this decision. *Simon v. McGee Plumbing &c. Co.,* 164 Ga. App. 667 (1) (299 SE2d 388) (1982).

3. The trial court did not err in granting attorney fees, after hearing evidence regarding the amount and reasonableness of the fees, even though appellee's complaint sought only "damages, in an amount to be determined from evidence . . . and such other and further relief the Court deems Just and Proper." Appellant argues that

the award of attorney fees, when not specifically prayed for in the complaint is improper, relying on *Orkin Exterminating Co. v. Townsend*, 136 Ga. App. 50 (2) (220 SE2d 14) (1975). *Orkin* stands for the proposition that a party may decide to default based on the amount and type of damages sought and that it would then be unfair to "up the ante." However, in this case the prayer for damages was open-ended; the award of attorney fees did not change the amount of damages sought. An award of attorney fees in a default judgment is not improper. *Hartford Ins. Co. v. Mobley*, 164 Ga. App. 363 (297 SE2d 312) (1982).

4. Appellee's motion for damages pursuant to OCGA § 5-6-6 is denied.

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED FEBRUARY 21, 1989.

*Johnson & Vandiver, S. Ernest Vandiver III*, for appellant.
*Jerry N. Neal*, for appellee.