A89A1371. SCOTT et al. v. THOMPSON et al.
(388 SE2d 371)

BENHAM, Judge.

This is an appeal, pursuant to this court's grant of appellants' application for an interlocutory appeal, from an order granting a new trial to appellees, defendants in a suit filed to enforce two notes. After entering judgment on a jury verdict for appellants, the trial court granted appellees' motion for new trial on the ground that the verdict was illegal.

Each of the two $125,000 notes which were the subject of the suit contained a provision that the indebtedness would be increased pro rata by the amount by which the sums paid thereunder would be taxed at a capital gains rate in excess of 20 percent. Appellants put on evidence that a higher rate would be applicable and that the amount of additional taxes would be $33,890.08. The jury's verdict, which awarded appellants the principal amount of the notes plus interest and attorney fees, did not include the amount suggested by appellants' witness, but merely stated that it awarded appellants capital gains "AS DEFINED IN CONTRACT."

1. The grant of the motion for new trial was based on a special ground involving a question of law and is, therefore, reviewable by this court. *Smith v. Telecable of Columbus*, 238 Ga. 559, 560 (234 SE2d 24) (1977).

2. Where a verdict does not resolve the issues presented to the jury, a judgment based on that verdict cannot stand. *Rucker v. Camden Tel. &c. Co.*, 181 Ga. App. 504, 506 (353 SE2d 50) (1987). The verdict of the jury in this case did not resolve the amount due appellants under the capital gains provision of the note. Although there was certainly evidence from which the jury could have found a specific amount to award appellants, it did not do so. Accordingly, the trial court was correct in finding that portion of the verdict illegal and in granting a new trial as to that issue.

" 'The whole judgment will not be set aside because of error as to a part thereof, where it can be determined from the record how much is erroneous.' [Cits.]" *George A. Rheman Co. v. May*, 71 Ga. App. 651 (2) (31 SE2d 738) (1944). It is apparent from the record and from admissions in appellants' brief that the awards of interest and attorney fees are infected by the illegal verdict regarding capital gains. However, the trial court did not address on motion for new trial the question of appellants' entitlement to judgment for the principal amount of the notes. Accordingly, we find that the trial court was correct in granting appellees a new trial as to interest `and attorney fees, but that principles of judicial economy dictate that a new trial not be required as to the principal amount of the notes. To the extent that it grants a new trial to appellees on the issue of capital gains, interest, and attorney fees, the judgment is affirmed; to the extent it grants a new trial on the issue of the principal amount of the notes, it is reversed.

3. Appellants' remaining enumerations of error concern issues relating to liability for the principal amount of the notes. Since those issues have been eliminated from consideration at a new trial, they need not be addressed.

*Judgment affirmed in part and reversed in part. Deen, P. J., and Birdsong, J., concur.*

DECIDED OCTOBER 31, 1989 —
REHEARING DENIED NOVEMBER 13, 1989 —

*Ronald S. Stevens*, for appellants.
*Hylton B. Dupree, Jr., Mark A. Johnson*, for appellees.