A90A0088. STEPHENSON v. WILDWOOD FARMS, INC.
(391 SE2d 706)

BIRDSONG, Judge.

Appellant, George Stephenson, appeals from the default judgment denying his motion to open default and further denying his motion for trial by jury.

Suit was brought against appellant and co-defendant, Ronnie Owens, for deliberately killing appellee's full blooded Chianina bull; said act being done by defendant Owens by using a firearm belonging to appellant in appellant's presence and under his direction. Following entry of default judgment against appellant, appellee voluntarily dismissed, without prejudice, this action in regard to defendant Owens.

Appellant's sole enumeration of error is that the trial court erred in denying his right to a jury trial under OCGA § 9-11-55 (a). *Held:*

1. Appellee's motion to dismiss appeal is denied.

2. OCGA § 9-11-55 (a) pertinently provides that if the case remains in default after the fifteen-day grace period and if the action is one ex delicto or involves unliquidated damages, "the plaintiff shall be required to introduce evidence and establish the amount of damages before the court without a jury . . . provided, however, in the event a defendant, though in default, has placed damages in issue by filing a pleading raising such issue, either party shall be entitled, *upon demand, to a jury trial of the issue as to damages.*" (Emphasis supplied.)

Pretermitting the question whether appellant was denied his right to trial by jury under OCGA § 9-11-55 (a) is the question of whether appellant tendered a legitimate demand for a *jury trial of the issue as to damages.* We find he did not.

Examination of the record in its totality reveals that appellant included a demand for *trial by jury* as to the entire proceedings in his belated answer, and that he used this demand, during the subsequent hearing, in support of his motion for opening of default. Incidentally, we note, however, that since the trial judge denied appellant's motion to open default and to file answer, as therein prayed, the purported filing of the answer by the clerk of courts was a nullity.

At the hearing, appellant's counsel, stated: "We have requested a trial by jury. . . . There is a codefendant in this case. . . . This case would have to go to a trial anyway. . . . This is also an unliquidated damages case. Case law is clear that in unliquidated damages case that the [d]efendant, even in default, *has a right to* a jury trial on the issue of damages. . . . [W]e . . . contend that we would be going into court, if the default were not opened, with one [d]efendant who would be arguing the issue that he was not liable and the other [d]efendant . . . unable to argue that he was not liable because of the default and would be arguing the issue of damages. Therefore, there would be a trial necessary in this case in any event." (Emphasis supplied.)

Examining the record in its entirety, we find that appellant merely; *informed* the trial court of its *right* to a jury trial on the issue of damages, and did *not* at any time make a specific *demand*, within the meaning of OCGA § 9-11-55 (a), for a *jury trial of the issue as to damages.* Since a demand for jury trial of the issue as to damages was never made an issue before the trial court, no question is presented for appellate review. See *Dairyland Ins. Co. v. McIntosh*, 171 Ga. App. 782, 783-784 (321 SE2d 110).

Assuming arguendo, such a demand could be construed from an examination of the trial record in toto, appellant still is not entitled to relief. The record reflects that *at the time of* the trial court's ruling, denying the motion to open default, appellant failed to comply with the minimum requirements of OCGA § 9-11-46 (a). "As defendant failed to make any objection when the judge made the . . . rulings . . . this ground will not be considered. [Cits.] [OCGA § 9-11-46 (a)] does not exempt a party from voicing some objection to remarks of this kind when the party has an opportunity to object." *Sancken Assoc. v. Stokes*, 119 Ga. App. 282 (2) (166 SE2d 924). Thus, at every turn of these proceedings appellant's own procedures contributed to the ultimate ruling of which he complains. "One cannot complain of a judgment, order, or ruling that his own procedure or conduct aided in causing." *Rush v. Southern Property Mgmt.*, 121 Ga. App. 360 (2) (a) (173 SE2d 744).

For each of the aforesaid reasons we find appellant's enumeration of error to be without merit.

*Judgment affirmed. Banke, P. J., and Cooper, J., concur.*

DECIDED MARCH 6, 1990.

*Brace W. Luquire*, for appellant.
*Virgil L. Brown, Bentley C. Adams III*, for appellee.