A91A1944. FLOYD et al. v. FIRST UNION NATIONAL BANK OF GEORGIA.

(417 SE2d 725)

BIRDSONG, Presiding Judge.

Thomas Floyd, Jr. and Cindy Smith, as co-executors of the Estate of Thomas Floyd, Sr., brought suit against First Union National Bank of Georgia for breach of contract by wrongful dishonor and conversion and seeking actual damages, punitive damages, and attorney fees. The complaint was filed December 12, 1988. First Union allowed the complaint to go into default; its answer being filed on January 27, 1989. This court upheld the trial court's denial of its motion to open default. *First Union Nat. Bank of Ga. v. Floyd*, 198 Ga. App. 99 (400 SE2d 393). After First Union's attempt to open default proved unsuccessful, this case proceeded to trial solely on the issue of damages. First Union filed pleadings and participated at the trial on damages. However, the trial court granted First Union's motion to quash plaintiff's subpoena for the production at trial of certain financial records of the bank for purposes of proving punitive damages; during trial the court granted First Union's motion to prohibit plaintiffs from presenting any evidence regarding their claims for punitive damages and attorney fees. Thus, the case was tried before the jury with the sole damage issue being the amount of actual damages plaintiffs suffered because of the conversion and breach of contract. The jury returned a verdict in favor of plaintiffs in the amount of $25,000, and the trial court entered final judgment in that amount. The co-executors appealed. *Held:*

1. Appellants in effect contend the trial court erred by excluding all evidence supporting their claims for punitive damages and attorney fees. Appellants specifically prayed for both punitive damages and attorney fees, and their complaint demanded judgment on both those claims "in an amount to be determined at trial" rather than in a specific dollar amount. The trial court's holding is based on the rationale that because appellants failed to attach a dollar figure to the punitive damages and attorney fees they demanded in their complaint, an award of any amount of money for those claims would exceed in amount that prayed for in contravention of OCGA § 9-11-54

(c) (1). For reasons hereinafter discussed, we cannot affirm the trial court's holding.

OCGA § 9-11-54 (c) (1) pertinently provides that "[a] judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment." Appellants specifically prayed for both punitive damages and attorney fees in an amount to be determined at trial. Thus, the demand for judgment both as to punitive damages and attorney fees was "open-ended." Accordingly, the case of *Harbor Light Marina v. Ellis*, 190 Ga. App. 389 (378 SE2d 746) is controlling. The pleading in this case does not conflict with the constraints of OCGA § 9-11-54 (c) (1). *Harbor Light Marina*, supra; compare *West v. Nodvin*, 196 Ga. App. 825, 832 (5) (397 SE2d 567) (an award of punitive damages in the amount of $76,000 did not exceed the amount prayed for in the demand for judgment, under the provisions of OCGA § 9-11-54 (c) (1), where the prayer was cast " 'in the amount of *not less than $25,000.00*' ") and *Henry v. Sneiders*, 490 F2d 315 (9th Cir.).

Moreover, in *Ticor Constr. Co. v. Brown*, 255 Ga 547 (340 SE2d 923), the Supreme Court upheld a default judgment for $12,000 compensatory damages even though the plaintiff sought only an unspecified amount of compensatory damages in its demand for judgment. While the issue in the case at bar was not specifically addressed in *Ticor* and while no transcript of the proceedings exists, the Supreme Court stated: "Where no transcript exists, we normally assume that the evidence amended the pleadings to conform to the judgment." Id. at 548 (2). Thus, it is apparent that the Supreme Court was not oblivious to the nuances regarding the demand for damages in default judgment cases, yet affirmed the judgment without any express reservation that a fundamental unfairness may have occurred.

The pertinent pleadings in the cases relied upon by the dissent are distinguishable from the pleadings in the case and from the pleadings in both *Harbor Light Marina*, supra, and *West v. Nodvin*, supra. In particular, in *Dempsey v. Ellington*, 125 Ga. App. 707, 708 (188 SE2d 908), the pleading in addition to requesting the court to compel the buyer's performance merely contained a general prayer " '[f]or such other and further relief as to the court appears necessary to do complete justice between the parties.' " The *Dempsey* case subsequently was placed on the default calendar and the jury ultimately returned a verdict for $5,000 in damages. The pleading on its face contains no *express* claim for monetary relief, and thus it is conceivable that a defendant, particularly one acting pro se, could be lulled into accepting default under the false assumption that no such award would be forthcoming. It was recognized in *Betts v. First Ga. Bank*, 177 Ga. App. 359 (339 SE2d 616), citing *Orkin Exterminating Co. v Townsend*, 136 Ga. App. 50, 53 (2) (220 SE2d 14), that the basis for

the rule in CPA § 54 (c) (1) is that it would be fundamentally unfair to allow complainant, by its pleadings, to *lull or mislead* defendant into believing that only a certain type and dimension of relief was being sought and then, should the defendant attempt to limit the scope and size of the potential judgment against him by not appearing, allow the court to give a different type of relief or a larger damage award. As stated succinctly by Hardy Gregory, Jr., Ga. Civil Practice, § 7-1 (C) (1), the rule in CPA § 54 (c) (1) is a "rule of fairness. . . . [The defendant] should not be subjected to some greater judgment than that sought in the complaint, *where he had no notice it would be sought* nor any opportunity to defend against the greater amount." (Emphasis supplied.) And, as the author further notes, "[t]he principle of no excess judgment in default situations is a shield, and not a sword." Id. at 538. In the case at bar, the pleadings clearly placed defendant bank upon due *notice* that plaintiffs were seeking an "open-ended" *monetary* award both for punitive damages and attorney fees. (Incidentally, pursuant to statute, a defendant may file a timely motion for more definite statement to clarify vague or ambiguous pleadings. OCGA § 9-11-12 (e). Once placed on due notice of an open-ended demand, it would appear that any further efforts to obtain a more definite and certain statement of the pleadings immediately could be requested by the defendant by way of an OCGA § 9-11-12 (e) motion.) Under these circumstances, no fair risk exists that defendant was lulled or misled to the point where it could not make an intelligent decision whether to let the case go into default. Moreover, in this case, First Union was given due notice of the jury trial on damages; it filed certain pleadings, entered an appearance, argued motions, presented evidence to the court, exercised its right of cross-examination, and argued to the jury.

Additionally, the cases pertinent to the issue under consideration do not support the essence of the dissent that because appellants did not specify the precise monetary amount of punitive damages in the demand in their complaint, any amount awarded appellants would exceed per force the amount for which prayed. To require such surgical precision of pleading serves no useful purpose, conflicts with general pleading practice (see generally OCGA § 9-11-8 (a) (2)), and tends to penalize plaintiffs unnecessarily rather than protecting per se defaulting defendants.

Appellee cites a purported decision of this court rendered in *Phillips v. Pride*, Case No. A90A1800, and later withdrawn, although an admission is made in its brief that having been withdrawn "this specific Georgia authority no longer exists." Suffice it to say, this withdrawn decision is lacking in value as precedent and is not binding on lower courts within the meaning of Ga. Const. of 1983, Art. VI, Sec. V, Par. III. It is in effect an unreported case. "No unreported

opinion shall be cited as a physical or binding precedent of the Court." Court of Appeals Rule 37 (b).

As above discussed, the real purpose of CPA § 54 (c) (1) is to give due *notice* to defendants so they will not be lulled or misled in their decision to enter into default, and to maintain a default procedure which is efficient, effective and fundamentally fair to all parties. This purpose has been achieved in this case.

2. Appellants assert the trial court erred in granting defendant's motions in limine and thereby prevented appellants/plaintiffs from presenting any evidence whatsoever to the jury in support of their claims for punitive damages. In view of our holding in Division 1 above, we find that the trial court did err as enumerated. Competent evidence is admissible when relevant to the issue of punitive damages. Cf. OCGA §§ 24-1-1 (1); 51-12-5.1 (d) (2); *Privitera v. Addison*, 190 Ga. App. 102, 105 (1) (378 SE2d 312) (punitive damages are appropriate for conversion as a tort).

3. Appellants assert the trial court erred in quashing their subpoena which sought production of defendant's net worth information which was to be used in the assessment of punitive damages. We agree.

First Union's argument at trial that punitive damages could not be collected in view of OCGA § 9-11-54 (c) (1) is without merit. See Division 1 above.

First Union's argument that the subpoena should be quashed because evidence of net worth is not admissible in the assessment of punitive damages also is without merit. Under OCGA § 51-12-5.1 evidence of the financial circumstances of the defendant may be admissible. *Hospital Auth. of Gwinnett County v. Jones*, 259 Ga 759, 764, n. 13 (386 SE2d 120), vacated by the United States Supreme Court, judgment affirmed and reinstated on remand, 261 Ga. 613 (409 SE2d 501); *Holman v. Burgess*, 199 Ga. App. 61, 63 (404 SE2d 144). "Since evidence of the defendant's financial circumstances 'may' be admissible under the 1987 statute after a jury has determined that punitive damages are to be awarded, it necessarily follows that evidence of the defendant's financial condition 'may' be discoverable by the plaintiff in cases where punitive damages are sought. See generally OCGA § 9-11-26 (b) (1)." Id. at 63. Moreover, the subpoena duces tecum was not unduly intrusive or burdensome, being addressed to: "That designated officer of the First Union . . . having knowledge of the net worth of said . . . bank . . . at end of the last accounting period and having records within his custody and control which show said net worth at the end of the last accounting period of said . . . bank. . . ."

Moreover, in their meticulously drafted complaint, appellants averred inter alia certain facts and mixed questions of fact and law, as follows, "defendant's *wrongful failure to allow [appellant] Smith ac-*

*cess to the safety deposit box* in the name of Thomas M. Floyd *constituted a wrongful conversion of the contents of the safety deposit box. . . As* a result of defendant's *wilful misconduct in converting the contents of the safety deposit box,* plaintiff is *entitled to recover punitive damages* from defendant." (Emphasis supplied.) Because of its default, First Union admitted all *material allegations* of the complaint, except as to the amount of damages suffered by appellants (*Whitby v. Maloy,* 150 Ga. App. 575 (1) (258 SE2d 181); accord *Jim Walter Homes v. Roberts,* 196 Ga. App. 618, 620 (2) (396 SE2d 787); *Market Ins. Corp. v. IHM,* 192 Ga. App. 441, 443 (4) (385 SE2d 307), overruled in part on other grounds, *Fowler v. Vineyard,* 261 Ga. 454 (405 SE2d 678)); the only issue remaining in regard to punitive damages is the amount to be awarded. In this regard, wilful misconduct is a ground for the award of punitive damages. OCGA § 51-12-5.1 (b). Also, "punitive damages are appropriate for conversion as a tort." *Privitera,* supra at 105; compare *Colonial Pipeline Co. v. Brown,* 258 Ga. 115 (365 SE2d 827). The complaint contained other material averment of facts likewise admitted by the default and relevant to this issue, such as but not limited to Smith's presentment of and the bank's election not to honor Thomas Marvin Floyd's unrevoked general power of attorney to Smith authorizing her to recover, collect and receive all sums of money or accounts belonging to Floyd, which we elect not to herein recount. Thus, we find the well-pled averments, and the reasonable and unforced inferences to be drawn therefrom, in this case are distinguishable from *Summerour v. Medlin,* 48 Ga. App. 403 (172 SE 836) (a pre-Civil Practice Act case), and the other cases cited by appellee in support of its contention that the material *facts* admitted in this case by virtue of its default fail to support an award of punitive damages.

Likewise, the averments in the complaint sufficiently supported the claim for attorney fees. Compare *Harbor Light Marina,* supra at 390 (award of attorney fees in a default judgment is not improper). By virtue of a default the defendant, as a matter of law, put plaintiffs to unnecessary trouble and expense authorizing an award of attorney fees. *Hartford Ins. Co. v. Mobley,* 164 Ga. App. 363 (297 SE2d 312), citing *Brannon Enterprises v. Deaton,* 159 Ga. App. 685 (285 SE2d 58).

Additionally, by its motion in limine and by moving and receiving grant of its oral motion to preclude appellants from presenting evidence in the jury trial directed to punitive damages, appellee by its conduct and trial procedure aided in the non-presentment of evidence, other than the material averments admitted by the default judgment itself, supporting an award of punitive damages. It is well-established that a party cannot complain of a judgment, order, or ruling that his own procedure or conduct has aided in causing. *Stephen-*

*son v. Wildwood Farms*, 194 Ga. App. 728, 729 (2) (391 SE2d 706); accord *West v. Nodvin*, supra at 829 (3e). Thus, appellee cannot argue on appeal that evidence is lacking which appellee in large measure caused not to be admitted.

Appellee's other arguments in support of the trial court's ruling are equally without merit. For reasons above discussed, we find the trial court erred in granting defendants' motion in limine and motion to quash. However, " ' "[t]he whole judgment will not be set aside because of error as to a part thereof, where it can be determined from the record how much is erroneous." ' " *Scott v. Thompson*, 193 Ga. App. 487, 488 (2) (388 SE2d 371), aff'd *Thompson v. Scott*, 260 Ga. 164 (393 SE2d 447). Accordingly, this case will be remanded for granting of a new trial solely on the issue of attorney fees and punitive damages; the judgment awarding appellants/plaintiffs' actual damages is affirmed, there being no reversible error shown as to this award and the issue of actual damages being separable and distinct in the record from any issue of attorney fees and punitive damages. It is noted that the conversion claim is averred to have occurred in June 1988. OCGA § 51-12-5.1 is therefore applicable. Accordingly, care will be taken to follow the pertinent provisions of this Code section. See generally *Chrysler Credit Corp. v. Brown*, 198 Ga. App. 653, 656-657 (3) (402 SE2d 753).

*Judgment affirmed in part and reversed in part with direction. McMurray, P. J., Carley, P. J., Pope, Beasley, Cooper, Andrews and Johnson, JJ., concur. Sognier, C. J., dissents.*

SOGNIER, Chief Judge, dissenting.

I respectfully dissent. Although appellants in this case specifically prayed for both punitive damages and attorney fees, their complaint demanded judgment on both those claims only "in an amount to be determined at trial" rather than in a specific dollar amount. OCGA § 9-11-54 (c) (1) provides that "[a] judgment by default shall not be different in kind from *or exceed in amount that prayed for* in the demand for judgment." (Emphasis supplied.) "[T]his court has recognized that the reason for [OCGA § 9-11-54 (c) (1)] is that it would be fundamentally unfair to have the complaint lead defendant to believe that only a certain type and dimension of relief was being sought and then, should he attempt to limit the scope and size of the potential judgment against him by not appearing or otherwise defaulting, allow the court to give a different type of relief or a larger damage award." (Citation and punctuation omitted.) *Betts v. First Ga. Bank*, 177 Ga. App. 359, 360 (339 SE2d 616) (1985). A plaintiff's relief in a judgment by default " 'is strictly limited in nature and degree to that specifically demanded in the complaint, even though the allegations or the proofs, or both, would justify[] other, additional, or greater relief, as

under a prayer for general relief.' [Cits.]" *Dempsey v. Ellington*, 125 Ga. App. 707, 708 (188 SE2d 908) (1972). Because appellants failed to specify the amount of relief they sought but instead demanded a general, unspecified amount for the punitive damages and attorney fees in their complaint, an award of any amount of money for those claims would "exceed in amount that prayed for" under OCGA § 9-11-54 (c) (1). Accordingly, I would affirm the trial court's grant of First Union's motion to prohibit appellants from presenting any evidence regarding these claims.

DECIDED MARCH 20, 1992 —
RECONSIDERATION DENIED APRIL 3, 1992 — 

*James W. Wallis, Jr., Kenneth A. Smith,* for appellants.
*Troutman, Sanders, Lockerman & Ashmore, Herbert D. Shellhouse, Wallace K. Askew,* for appellee.