A96A0405. JAYSON v. GARDOCKI.
(471 SE2d 545)

MCMURRAY, Presiding Judge.

Permission to pursue discretionary appeal from an award of attorney fees was granted under the following circumstances: Plaintiff Roger Paul Gardocki, formerly married to defendant Kathleen Jayson, brought a verified "PETITION FOR MODIFICATION OF CUSTODY AND CHILD SUPPORT PURSUANT TO O.C.G.A. 19-9-1 (a)." The complaint contained the demand: "In the event that Defendant [Kathleen Jayson] contests this action, Plaintiff requests that the Court exercise its discretion to order any psychological testing and evaluation of the parties and [the minor son,] PATRICK CHAPIN GARDOCKI. . . ." The express prayers were for temporary and permanent custody of the minor son; that a rule nisi issue; that psychological testing and evaluation be ordered; that defendant Kathleen Jayson be awarded liberal visitation; that child support be modified in accordance with custody; and such other relief as may be just and necessary. There is, however, no prayer or demand for attorney fees.

Defendant answered and denied the material allegations. At the hearing on plaintiff's petition, defendant's counsel announced that defendant "has instructed me to withdraw the Answer and leave the proceeding." The trial court suggested that this circumstance "should shorten the case." The trial court nevertheless proceeded with the evidentiary hearing because, in order "to modify and change custody, [there needs to be] evidence in the record to make a determination" that any change is in the best interests of the child. At the close of the evidence, plaintiff's counsel offered to "review the prayers" for the court. In addition to matters of custody and child support, plaintiff asked for an award of attorney fees "based on modification of child support[.]" Plaintiff's counsel stated in her place that she had "prepare[d] pleadings in response to Mr. Jaysons [sic] both filed pleadings

and actual conferences[, plus counsel] filed [a] trial memorandum, and we have been here all day long." Nevertheless, counsel performed "only the absolute[ly] necessary services. . . ." After the hearing, the trial court awarded sole custody of the minor boy to plaintiff and ordered defendant to pay child support in the amount of 25 percent of her gross income. The trial court further concluded that plaintiff's attorney fees and expenses of litigation were "reasonable and necessary and were necessitated by the conduct of Defendant and her counsel. . . ."

Defendant's application for discretionary appeal was granted by this Court and a timely notice of appeal was filed. Defendant appeals from the final modification order, requiring her to pay attorney fees. *Held*:

1. In her second enumeration, defendant contends the trial court erred in awarding attorney fees "in a default proceeding where the issue of [attorney] fees had never been alleged, averred, or prayed for, and where there had been no notice whatsoever to [defendant] that the issue of [attorney] fees would arise." We agree. We do not quarrel with plaintiff's argument that attorney fees can be authorized by OCGA § 19-6-2 under a petition to modify child support ancillary to a change in custody. See *McDonogh v. O'Connor*, 260 Ga. 849 (400 SE2d 310). The fundamental obstacle to any such award in the case sub judice, however, is the want of notice to the defendant that such a claim would be pursued by plaintiff.

Due process of law requires that a party in a divorce or modification action be entitled to notice of issues not raised in the complaint or by proper amendment, which are to be decided by the court, "notwithstanding the fact that no answer has been filed. *Lambert v. Gilmer*, 228 Ga. 774 (187 SE2d 855) (1972). This is so because the complaint does not put the opposing party on notice that he will have to defend against these issues." *Harris v. Harris*, 258 Ga. 496 (371 SE2d 399). See generally *Flint River Steamboat Co. v. Foster*, 5 Ga. 194, 201 (3), 202 and cits. OCGA § 9-11-5 (a) provides in part: "[T]he failure of a party to file pleadings . . . shall be deemed to be a waiver by him of all notices, including notices of time and place of trial, and all service in the action, *except* service of pleadings asserting *new or additional claims for relief*, which shall be served as provided by [OCGA § 9-11-5 (b)]." (Emphasis supplied.) See also *Teamsters Local 515 v. Roadbuilders, Inc. of Tennessee*, 249 Ga. 418, 419 (1), 420 (291 SE2d 698); *Cross v. Cross*, 230 Ga. 91 (195 SE2d 439).

In the case sub judice, when defendant withdrew her answer before the evidentiary hearing, she was in default. OCGA § 9-11-55 (a). "A judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment." OCGA § 9-11-54 (c) (1). " 'Plaintiff's relief in a judgment by default is

strictly limited in nature and degree to that specifically demanded in the complaint, even though the allegations or the proofs, or both, would justify, other, additional, or greater relief, as under a prayer for general relief.' [Cits.]" *Dempsey v. Ellington*, 125 Ga. App. 707, 708 (2) (188 SE2d 908). "To the extent that a judgment by default exceeds the amount prayed for, it is a nullity. *Orkin Exterminating Co. v. Townsend*, 136 Ga. App. 50[, 52] (2)[, 53] (220 SE2d 14) (1975); see *Dempsey v. Ellington*, 125 Ga. App. 707 (2)[, supra]." *Jones v. Cooke*, 169 Ga. App. 516 (2), 517 (313 SE2d 773). A concluding prayer for "general relief" is not sufficient to put a defendant in default on notice of any intent to assert a claim for attorney fees based on the modification of child support obligations ancillary to a successful petition to change child custody. Such an argument is "innovative but not persuasive." *Wilkins v. Wilkins*, 234 Ga. 404, 406 (216 SE2d 302). See also *Preferred Risk Ins. Co. v. Boykin*, 174 Ga. App. 269, 275 (7) (329 SE2d 900), holding that a "general prayer for 'such other just and equitable relief as this Court may deem proper and necessary[,]' . . . was not sufficient to state a claim for attorney fees," under OCGA § 13-6-11. Compare *Floyd v. First Union Nat. Bank &c.*, 203 Ga. App. 788 (1), 789 (417 SE2d 725) (defaulting defendant liable for an open-ended award of punitive damages and attorney fees under OCGA § 9-11-54 (c) (1) where those plaintiffs "specifically prayed for both . . . in an amount to be determined at trial"). Moreover, a defendant in default and not present at the trial of the case cannot be held, under OCGA § 9-11-15 (b), to have consented to an amendment of the pleadings to conform to the evidence presented in his absence. *Ticor Constr. Co. v. Brown*, 255 Ga. 547, 548 (2) (340 SE2d 923); *Stroud v. Elias*, 247 Ga. 191 (1), 192 (275 SE2d 46); *Lambert v. Gilmer*, 228 Ga. 774, 776, supra. In the case sub judice, when defendant Kathleen Jayson authorized her attorney to withdraw her answer, she had no notice from the complaint (or any properly served amendment) that plaintiff Roger Paul Gardocki would demand attorney fees under OCGA § 19-6-2 or any other provision of law. The default judgment awarding attorney fees exceeds the nature of the relief prayed for and that award is, therefore, vacated as a nullity. *Jones v. Cooke*, 169 Ga. App. 516, 517 (3), supra. See also *First Nat. Bank &c. v. Blackburn*, 254 Ga. 379, 380 (2) (329 SE2d 897).

2. Defendant's remaining enumerations as to the changes in visitation and the transfer of property belonging to the child have been considered and are found to be without merit.

*Judgment affirmed in part and vacated in part. Johnson, J., concurs. Ruffin, J., concurs in the judgment only.*

DECIDED MAY 17, 1996.

*Ronald P. Jayson*, for appellant.
*The Outlaw Firm, Shelby A. Outlaw, Scott M. Kaye*, for appellee.