A07A2165. STAMPS v. NELSON.
(659 SE2d 697)

BERNES, Judge.
In this breach of contract case, the Twiggs County Magistrate Court entered judgment in favor of appellee Tim Nelson against appellant Junior Stamps. Stamps appealed to the superior court, but failed to appear for trial. The superior court entered a default

judgment against Stamps, which Stamps moved to set aside. The superior court denied Stamps's motion. Stamps contends that the default judgment should have been set aside because the trial court had dismissed the appeal prior to its entry of the damages award. He also argues that the award of damages in the default judgment exceeded the amount prayed for in Nelson's statement of claim. Although we find no merit in Stamps's first claim of error, we agree that the damage award was improper. We therefore affirm in part and reverse in part.[1]

The record shows Nelson filed the breach of contract action against Stamps by filing a statement of claim in the Twiggs County Magistrate Court. Nelson claimed that Stamps had been paid in full to install a pool and deck and that Stamps had refused to complete the project. The magistrate court entered a judgment in favor of Nelson for $12,000 plus $69 court costs. Stamps appealed the magistrate court judgment to the superior court, but failed to appear for the trial of his appeal. The superior court issued a final order and judgment dismissing Stamps's appeal and entering a default judgment in favor of Nelson and against Stamps for $28,628.06. After Stamps filed his motion to set aside the judgment, the superior court entered an order denying the motion and stating that "[t]he intent and effect of the judgment was to grant a default judgment and award damages."

1. Stamps contends the trial court erred in denying his motion to set aside the default judgment. He argues that once the superior court dismissed the appeal, it lost jurisdiction of the case. We disagree in light of the superior court's subsequent modification of its initial order.

> [I]t is certain that the superior court has the power to interpret and clarify its own orders. *Blair v. Blair*, 272 Ga. 94, 96 (1) (527 SE2d 177) (2000); *Millner v. Millner*, 260 Ga. 495, 497 (2) (397 SE2d 289) (1990); *Kaufmann v. Kaufmann*, 246 Ga. 266, 268 (3) (271 SE2d 175) (1980). See also *Harper v. State*, 270 Ga. App. 376, 377 (1) (606 SE2d 599) (2004). Such power includes shedding light on the scope of an earlier ruling. *King v. Bishop*, 198 Ga. App. 622, 624 (402 SE2d 307) (1991). The trial court also has the inherent power during the same term of court in which the judgment was rendered to revise, correct, revoke, modify or vacate the judgment, even upon its own motion. *Bagley v. Robertson*, 265 Ga. 144,

---

[1] Nelson has filed a motion for sanctions for frivolous appeal pursuant to Court of Appeals Rule 15 (b). We do not determine Stamps's second enumeration of error to be frivolous, and therefore, the motion for sanctions is denied.

146 (454 SE2d 478) (1995); *Bank of Cumming v. Moseley*, 243 Ga. 858 (257 SE2d 278) (1979). However, such authority generally does not extend beyond the same term of court, unless a motion to modify, or vacate, or the like was filed within the same term of court.

(Citations omitted.) *Barlow v. State*, 279 Ga. 870, 872 (621 SE2d 438) (2005).

Here, the judgment as initially entered by the trial court provided for the entry of a default judgment and also ordered dismissal of the appeal. But, Stamps filed a motion to set aside the judgment in the same term of court and, as previously noted, the trial court subsequently entered an order stating that "[t]he intent and effect of the judgment was to grant a default judgment and award damages." As such, the trial court effectively modified its judgment so as to vacate its order of dismissal and provide only for entry of the default judgment. It follows that the issue of dismissal is moot and provides no basis for setting aside the judgment.[2]

2. Stamps further argues that the motion to set aside should have been granted because the damages award exceeded the amount prayed for in the demand for judgment.[3] We agree. It is true, as noted by the superior court, that an appeal from the magistrate court is a de novo proceeding in which either party may adduce evidence additional to that originally presented in the magistrate court. OCGA § 5-3-29. Nevertheless,

[a] judgment by default *shall not* be different in kind from or exceed in amount that prayed for in the demand for judgment. Except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings; but the court shall not give the successful

---

[2] Compare *Scott v. Aaron*, 221 Ga. App. 254, 254-255 (471 SE2d 55) (1996) ("Once a de novo appeal from a magistrate court in proper form is taken to a state or superior court, there is no statutory provision for the remand of the case or for reinstatement of the judgment of the magistrate court. Thus, the appeal itself may not be dismissed simply because of the absence of one of the parties to the cause.") (citation and punctuation omitted).

[3] While it does not appear that a motion to set aside is the appropriate vehicle to challenge the amount of the judgment here, because Stamps filed his motion within 30 days of the entry of the judgment, it is permissible to treat the motion in part as a motion for new trial. See OCGA § 9-11-60 (d). See generally *Martin v. Williams*, 263 Ga. 707, 708 (1) (438 SE2d 353) (1994). See also *Cavin v. Powell*, 276 Ga. App. 60, 61 (1) (622 SE2d 415) (2005). "[P]leadings, motions, and orders are construed according to their substance and function and not merely by nomenclature." (Footnote omitted.) *Dept. of Transp. v. Camvic Corp.*, 284 Ga. App. 321, 323 (2) (a) (644 SE2d 171) (2007).

party relief, though he may be entitled to it, where the propriety of the relief was not litigated and the opposing party had no opportunity to assert defenses to such relief.

(Emphasis supplied.) OCGA § 9-11-54 (c) (1). A "[p]laintiff's relief in a judgment by default is strictly limited in nature and degree to that specifically demanded in the complaint, even though the allegations or the proofs, or both, would justify[ ] other, additional, or greater relief, as under a prayer for general relief." (Citations and punctuation omitted.) *Dempsey v. Ellington*, 125 Ga. App. 707, 708 (2) (188 SE2d 908) (1972). "A trial court may not award relief beyond that sought in the complaint when the defendant does not file defensive pleadings and does not appear at trial. Further, in such circumstances a complaint may not be amended to conform to the evidence." (Citations omitted.) *Hackbart v. Hackbart*, 272 Ga. 26, 26-27 (526 SE2d 840) (2000). "[OCGA § 9-11-54 (c) (1)] is a rule of fairness. The defendant should not be subjected to some greater judgment than that sought in the complaint, where he had no notice it would be sought nor any opportunity to defend against the greater amount." (Citation, punctuation and emphasis omitted.) *Floyd v. First Union Nat. Bank of Ga.*, 203 Ga. App. 788, 790 (1) (417 SE2d 725) (1992).

Here, Nelson's demand for judgment in the statement of claim sought damages in the specific "amount of $12,000 plus $69 costs to date; and all future costs of this suit."[4] The record does not reflect, nor does Nelson contend, that he amended his statement of claim in the de novo appeal to the superior court. Consequently, the statement of claim filed in the magistrate court action constituted the only demand for judgment that was in the appeal before the superior court. In entering the default judgment, the superior court was bound by the demand for judgment in the statement of claim, and its award of additional damages in the amount of $16,559.06[5] was erroneous. *Dempsey*, 125 Ga. App. at 708-709 (2).

In sum, we affirm the superior court's determination that the default judgment was not void, but we reverse the award of additional damages in the amount of $16,559.06, which exceeded Nelson's

---

[4] Compare *Floyd*, 203 Ga. App. at 788-791 (1) (when the demand for judgment prayed for punitive damages and attorney fees in an "open-ended" amount to be determined at trial, the court was authorized to determine the amount of the award, and its determination would not conflict with OCGA § 9-11-54 (c) (1)).

[5] The default judgment reflected an award of additional expenses of $16,628.06, which included $69 in court costs. Although the award of court costs as demanded in Nelson's statement of claim was proper, the additional award of $16,559.06 in excess of the court costs was erroneous.

demand for judgment. We therefore remand this case to the superior court for an entry of judgment in an amount consistent with our decision.

*Judgment affirmed in part, reversed in part and case remanded. Blackburn, P. J., and Ruffin, J., concur.*

DECIDED MARCH 13, 2008.

*James G. Maddox*, for appellant.
Tim Nelson, *pro se*.