S10A1107. CITY OF HOSCHTON et al. v. HORIZON
COMMUNITIES et al.
(697 SE2d 824)

THOMPSON, Justice.

This appeal arises out of a dispute between appellants (City of Hoschton, Georgia, and its mayor, Bill Copenhaver) and appellees (Horizon Communities, LLC, Gary Olsson Properties, LLC, and their principals, Kenneth and Kelley Gary (collectively "Horizon")). The city appeals from the trial court's judgment directing the mayor and city to pay Horizon $191,631 for the construction of the Brook Glen pump station (the BGPS), plus costs and attorney fees.

As found by the trial court, in 2004 the city determined certain improvements were necessary for its public sewer system. The city entered into discussions with Horizon, whereby Horizon would construct a new sewer pump station sufficient to serve certain of Horizon's proposed developments, but which also would be sufficiently large to serve other developments and properties. In return, Horizon would recoup the portion of its investment serving other developments and properties by cost sharing with other developers and receiving payments from the city through future sewer connection and tap fees. Based on these discussions, in 2005 the city attorney drafted and the city council passed an ordinance with regard to Horizon's proposed Brook Glen subdivision. The ordinance provided, in pertinent part:

> Developer shall be responsible and pay for all costs for infrastructure sewer improvements that serve the development. Sewer design shall be approved by the city engineer. Developer shall dedicate the new sewer infrastructure to the city but reserves the right to recoup a portion of the investment from subsequent development on a lot tap basis on or before June 6, 2010.

The city engineer approved Horizon's design of the BGPS to handle the Brook Glen subdivision plus several other specified development projects, including Creekside Village, and the pump station was constructed according to that plan.

In May 2006, Elite Development filed an application with the city for the zoning of Creekside Village and at the suggestion of the city engineer began negotiations with Horizon for access to the BGPS. In September, however, the city planner told Elite that in order to receive zoning approval it had to pay the city, not Horizon, a $200,000 connection fee and that a different pump station would be upgraded to serve Creekside Village. In November 2006, the city approved the zoning for the development of Creekside Village. The

city imposed, as a condition to zoning, the following condition:

> Developer is to contribute $200,000 toward the upgrade of a lift station off-site which will serve the Elite development and other Hoschton residents; the design and connection point are to be approved by the planning director and the city engineer.

The city quickly began to flow Creekside Village sewage into the BGPS, which Horizon was building. The city then abandoned its other pump station, the one it agreed to upgrade in order to serve Creekside Village. Elite paid the city the $200,000 fee after being assured by the city planner that it was not required to pay Horizon. The city also collected an additional $85,000 in tap fees for homes in the Brook Glen subdivision that are being served by the BGPS.

In February 2008, the city filed a declaratory judgment action seeking to establish its ownership and control of the BGPS.[1] Horizon counterclaimed for mandamus, alleging the city failed to provide reimbursement as specified in the ordinance and seeking a judgment against the city for $191,631 (67.79 percent of its cost to build the BGPS based on the fact that 67.79 percent of its capacity is being used by other developments), attorney fees, and costs of litigation. After an evidentiary hearing, the court entered its judgment granting a mandamus absolute and ordering the city to pay Horizon $191,631 plus costs and fees.

1. The city contends Horizon cannot seek mandamus against it in this action because Horizon failed to name the mayor in his individual capacity as a party. In December 2008, Horizon filed a motion, which the trial court granted, adding Mayor Bill Copenhaver in his official capacity as a party to the mandamus petition. Because the petition seeks the performance of a legal obligation of the city, it properly alleges a cause of action against the city and the mayor in his official capacity, as the mayor is the official required by law to perform the specified act. See *Lawrenceville v. Humphries*, 229 Ga. 724 (1) (194 SE2d 84) (1972) (petition against city construed as claim for relief against mayor and city council as proper parties); *McCallum v. Bryan*, 213 Ga. 669 (3) (100 SE2d 916) (1957) (petition naming mayor in official capacity sought performance of mayor's official duty). See also *Bulloch County v. Ritzert*, 213 Ga. 818, 819 (2) (102 SE2d 40) (1958) (petition naming only county and not official required to perform act subject to demurrer).

2. The city argues that the 2005 Brook Glen ordinance does not

---

[1] The dispute over ownership of the pump station was resolved by consent order, and the city dismissed its claims without prejudice.

create a legal obligation requiring the city to act, and therefore, mandamus relief was improperly granted. "Mandamus will issue against a public official only where the petitioner has demonstrated a clear legal right to relief or a gross abuse of discretion." *Gwinnett County v. Ehler Enterprises*, 270 Ga. 570 (1) (512 SE2d 239) (1999). The duty which a mandamus complainant seeks to have enforced " 'must be a duty arising by law, either expressly or by necessary implication; and the law must not only authorize the act be done, but must require its performance.' [Cits.]" *Gilmer County v. City of East Ellijay*, 272 Ga. 774, 776 (1) (533 SE2d 715) (2000).

The Brook Glen ordinance imposes upon Horizon the duty to design and develop the BGPS, the obligation to dedicate the BGPS to the city, and the responsibility to pay all costs for infrastructure sewer improvements serving the Brook Glen subdivision. In return, the ordinance grants Horizon the right to recoup from the city its investment in that portion of the BGPS intended to serve other developments and properties and imposes upon the city the concomitant obligation to reimburse Horizon for its investment from sewer connection and tap fees collected by the city prior to June 6, 2010.[2] Horizon thus has a clear legal right to reimbursement, a right violated by the city's steadfast refusal to reimburse Horizon. See *Bradford v. Bolton*, 215 Ga. 188, 191 (109 SE2d 751) (1959) (mandamus to enforce right to payment); *McCallum v. Bryan*, 213 Ga. supra at 671 (5) (mandamus to compel official duties, including payment of monies owed). Because the evidence authorized the trial court to find the city failed to comply with its clear legal duty, we affirm the award of mandamus relief.[3]

3. The city contends the trial court erred by awarding attorney fees under OCGA § 13-6-11. Expenses of litigation, including attorney fees, are recoverable under OCGA § 13-6-11 when a party "has acted in bad faith . . . has been stubbornly litigious, or has caused [the other party] unnecessary trouble and expense." An award of attorney fees under OCGA § 13-6-11 will be affirmed if there is any evidence to support it. *Spring Lake Property Owners Assn. v. Peacock*, 260 Ga. 80, 81 (390 SE2d 31) (1990). Here, evidence of the city's refusal to reimburse Horizon and its efforts to force Horizon to surrender its rights under the ordinance was sufficient to support

---

[2] The trial court specifically found and we agree that under the city code and as intended by the ordinance sewer connection and tap fees are one and the same.

[3] This ruling is not in conflict with our decision in *Forsyth County v. White*, 272 Ga. 619 (2) (532 SE2d 392) (2000), in which the plaintiff sought to force the county to approve expansion of a sewage treatment plant in the exercise of its discretion. In the instant action, the city already exercised its discretion by enacting the Brook Glen ordinance and Horizon is simply seeking to enforce the ordinance.

the trial court's finding that the city acted in bad faith. We find no error in the court's award under OCGA § 13-6-11.

*Judgment affirmed. All the Justices concur.*

DECIDED JULY 12, 2010.

*Carothers & Mitchell, Thomas M. Mitchell,* for appellants.
*Russell, Stell, Smith & Mattison, John E. Stell, Jr.,* for appellees.