A12A0054. WATER'S EDGE PLANTATION HOMEOWNER'S ASSOCIATION, INC. v. RELIFORD et al.
(727 SE2d 234)

BARNES, Presiding Judge.

In this case involving entry of a default judgment, Water's Edge Plantation Homeowner's Association, Inc. appeals from the trial court's order denying its request for attorney fees pursuant to OCGA § 13-6-11. For the reasons discussed below, we affirm.

The record shows that on January 14, 2011, Water's Edge sued Louis and JoAnn Reliford, alleging that they had violated a restrictive covenant of the homeowner's association by failing to finish building a structure on their property that they had started six years earlier, and requesting that they be enjoined from continuing the violation. Although a sheriff's entry of service reflected that the Relifords were both served with the summons and complaint on January 20, 2011, neither of them filed an answer. As a result, the case automatically went into default on February 22, 2011. See OCGA § 9-11-55 (a).

On April 4, 2011, Water's Edge amended its complaint to request attorney fees and the expenses of litigation under OCGA § 13-6-11. Water's Edge thereafter moved for entry of a default judgment on April 21, 2011. Granting the motion, the trial court entered a default judgment against the Relifords on May 3, 2011, enjoining them from continuing their violation of the restrictive covenant, and ordering that the existing structure on their property be torn down and the property be returned to its original state.

The trial court subsequently conducted an evidentiary hearing addressing the issue of attorney fees and expenses under OCGA § 13-6-11. The hearing was not transcribed. Following the hearing, the trial court entered an order denying Water's Edge's request for attorney fees. Based on the request for attorney fees and expenses sought by Water's Edge, "the evidence and argument presented at the

hearing," and the record in the case, the trial court found that the Relifords had not acted in bad faith, had not been stubbornly litigious, and had not caused Water's Edge unnecessary trouble and expense. This appeal followed.

Water's Edge contends that the trial court erred in declining to grant its request for attorney fees and the expenses of litigation under OCGA § 13-6-11. Specifically, Water's Edge contends that the trial court's finding that the Relifords had not caused the homeowner's association unnecessary trouble and expense was erroneous as a matter of law. We disagree.

OCGA § 13-6-11 provides:

> The expenses of litigation generally shall not be allowed as a part of the damages; but where the plaintiff has specially pleaded and has made prayer therefor and where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense, the jury may allow them.

It is solely for the trier of fact to resolve whether attorney fees and expenses should be awarded under OCGA § 13-6-11, and, if so, in what amount. See *Royal v. Blackwell*, 289 Ga. 473, 477-478 (2) (b) (712 SE2d 815) (2011); *Covington Square Assocs. v. Ingles Markets*, 287 Ga. 445, 446 (696 SE2d 649) (2010). Attorney fees and expenses under OCGA § 13-6-11 can be recovered in proceedings in equity, see *King v. Baker*, 214 Ga. App. 229, 234-235 (4) (447 SE2d 129) (1994), and in such cases the trial court sits as the trier of fact on the issue. See *Rice v. Lost Mountain Homeowners Assn.*, 269 Ga. App. 351, 355-356 (5) (604 SE2d 215) (2004). We review the decision about whether and to what extent to award attorney fees and expenses under the deferential "any evidence" standard. See *City of Hoschton v. Horizon Communities*, 287 Ga. 567, 569 (3) (697 SE2d 824) (2010).

Sitting as the trier of fact, the trial court in the present case found, after conducting an evidentiary hearing, that the Relifords had not caused unreasonable trouble and expense to Water's Edge. But no transcript was made of that evidentiary hearing, and, therefore, review of the trial court's finding under the "any evidence" standard is precluded by the state of the record before us.

> It is well established that the burden is on the party alleging error to show it affirmatively by the record and that where the proof necessary for determination of the issues on appeal is omitted from the record, the appellate court must assume that the judgment below was correct and affirm. Assertions

> of evidence in briefs or enumerations of error cannot satisfy this duty, and factual assertions contained in the parties' briefs to the lower court are not evidence.

(Citations and punctuation omitted.) *Tahamtan v. Sawnee Elec. Membership Corp.*, 228 Ga. App. 485, 485-486 (491 SE2d 918) (1997). Without access to the transcript of the evidentiary hearing or a statutorily authorized substitute, we must presume that the trial court was correct in its finding on the issues of attorney fees and affirm the order entered in favor of the Relifords. See *Sanders v. Daniel*, 302 Ga. App. 350, 351 (1) (691 SE2d 244) (2010).

Water's Edge, however, contends that a transcript of the evidentiary hearing is not needed on appeal because the trial court's order is erroneous on its face. According to Water's Edge, because a default judgment was entered against the Relifords for failing to answer the complaint, they admitted all of the well-pleaded allegations of the complaint, and thus caused unnecessary trouble and expense as a matter of law to the homeowner's association by forcing it to litigate the matter when there was no bona fide controversy. We are unpersuaded under the circumstances of this case.

It is true that if a plaintiff in its original complaint puts the defendant on notice that it is seeking attorney fees and expenses under OCGA § 13-6-11 as part of the relief prayed for in the case, and if a default judgment is subsequently entered against the defendant for failing to answer the complaint, then the plaintiff is entitled to an award of attorney fees and expenses as a matter of law from the defendant having caused unnecessary trouble and expense. See *Fresh Floors v. Forrest Cambridge Apts.*, 257 Ga. App. 270, 272 (570 SE2d 590) (2002); *Floyd v. First Union Nat. Bank of Ga.*, 203 Ga. App. 788, 792 (3) (417 SE2d 725) (1992); *Hartford Ins. Co. v. Mobley*, 164 Ga. App. 363 (297 SE2d 312) (1982) (physical precedent only); *Brannon Enterprises v. Deaton*, 159 Ga. App. 685, 686-687 (285 SE2d 58) (1981). But the original complaint filed by Water's Edge, styled its "Verified Complaint for Equitable Relief," requested injunctive relief and did not request an award of attorney fees and expenses or otherwise seek monetary damages. The request for attorney fees and expenses was contained only in the amended complaint, filed after the Relifords had gone into default.

OCGA § 9-11-54 (c) (1) provides that "[a] judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment." Based upon this statutory provision, we have held that "[a] plaintiff's relief in a judgment by default is strictly limited in nature and degree to that specifically demanded in the complaint, . . . [and] in such circumstances a complaint may not be

amended to conform to the evidence." (Citations and punctuation omitted.) *Stamps v. Nelson*, 290 Ga. App. 277, 280 (2) (659 SE2d 697) (2008). This is because "[t]he defendant should not be subjected to some greater judgment than that sought in the complaint, where he had no notice it would be sought nor any opportunity to defend against the greater amount." (Citation and punctuation omitted.) Id. As we have explained,

> [i]t would be fundamentally unfair to have the complaint lead defendant to believe that only a certain type and dimension of relief was being sought and then, should he attempt to limit the scope and size of the potential judgment against him by not appearing or otherwise defaulting, allow the court to give a different type of relief or a larger damage award.

(Citation and punctuation omitted.) *Orkin Exterminating Co. v. Townsend*, 136 Ga. App. 50, 53 (2) (220 SE2d 14) (1975).

Furthermore, "[e]ven in default, no responsive pleadings are required to an amendment. Averments in a pleading to which no responsive pleading is required are considered as denied." (Citation and punctuation omitted.) *Enduracare Therapy Mgmt. v. Drake*, 298 Ga. App. 809, 816 (3), n. 23 (681 SE2d 168) (2009). See OCGA § 9-11-8 (d); *Shields v. Gish*, 280 Ga. 556, 557 (1) (629 SE2d 244) (2006); *Evans v. Marshall*, 253 Ga. App. 439 (559 SE2d 165) (2002). Thus, allegations contained for the first time in an amended complaint are not deemed admitted even when a defendant is in default. See *Enduracare Therapy Mgmt.*, 298 Ga. App. at 816, n. 23.

Because the original complaint for equitable relief did not put the Relifords on notice that Water's Edge was seeking attorney fees and expenses under OCGA § 13-6-11, and because its claim for attorney fees and expenses was contained only in its amended complaint, Water's Edge was not entitled to a default judgment on that claim. See *Enduracare Therapy Mgmt.*, 298 Ga. App. at 816, n. 23; *Jayson v. Gardocki*, 221 Ga. App. 455, 456-457 (471 SE2d 545) (1996) (physical precedent only); *Ga. Farm Bureau Mut. Ins. Co. v. Williamson*, 124 Ga. App. 549, 551 (5) (184 SE2d 665) (1971). It follows that the trial court committed no error in declining to award attorney fees and expenses to Water's Edge as a matter of law and instead conducting an evidentiary hearing to resolve whether such an award was appropriate.

*Judgment affirmed. Adams and McFadden, JJ., concur.*

DECIDED APRIL 12, 2012.

*Sell & Melton, Blake E. Lisenby,* for appellant.
*Lawton Miller, Jr.,* for appellees.