**FOURTH DIVISION**
**DILLARD, P. J.,**
**RICKMAN and BROWN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**October 20, 2020**

# In the Court of Appeals of Georgia

A20A1127. QUATTROCCHI et al. v. STATE OF GEORGIA.

RICKMAN, Judge.

As a sanction for spoliating evidence, the trial court struck the answer of Asta Quattrocchi and Erran Yearty (collectively, "Appellants") in this unfair trade practices case brought by the State of Georgia. The court also ruled that Appellants were not entitled to a jury trial on the issue of remedies. Appellants appeal both rulings. For the following reasons, we affirm.

The record shows that in July 2017, the State sued Appellants and the business they operated, Marvelay, LLC, under the Georgia Fair Business Practices Act ("FBPA"), OCGA §§ 10-1-390 et seq. The complaint alleged that the Appellants controlled approximately 4,700 internet domain names through which they disseminated deceptive advertisements to induce consumers to make uninformed

purchases. The State sought injunctive relief, restitution for wronged consumers, civil penalties, and attorney fees. In September 2017, Appellants, individually, each timely answered the complaint, denying liability and asserting affirmative defenses. The State amended the complaint several times to assert more specific allegations of wrongdoing against the defendants, most recently in its Third Amended Complaint filed in July 2018. Appellants initially did not file an answer or other response to the Third Amended Complaint.

During the litigation, however, the State moved for sanctions against Appellants, alleging that they had failed to comply with discovery requests and had destroyed crucial evidence. Following multiple hearings on the matter, the trial court struck Appellants' answers as a sanction for the spoliation, directing the clerk to immediately enter default against Appellants and inviting the State to file a motion for default judgment.

Thereafter, Appellants filed an answer to the Third Amended Complaint, citing OCGA § 9-11-55 (a) (regarding default, opening default, and default judgment). In this answer, the Appellants denied that the State was entitled to any money damages based on the factual allegations in the Third Amended Complaint. Further, Appellants requested a jury trial "as to all remaining issues." The State moved to strike the

answer. The State also moved for a default judgment, requesting an order making findings of fact and conclusions of law and awarding injunctive relief, civil penalties, and restitution as remedies for Appellants' violations of the FBPA.

In response to these motions, the trial court entered an order finding that Appellants were in default as to the Third Amended Complaint and were not entitled to a jury trial. The court further ordered that all remaining issues would be resolved after an evidentiary hearing on FBPA remedies. We granted Appellants' request for interlocutory review.

1. Appellants contend that the trial court erred by finding them to be in default as to the Third Amended Complaint. Appellants do not challenge the trial court's finding that they spoliated evidence or its determination that striking their answer was an appropriate sanction. Rather, they argue that despite the court's ruling, they are not in default as to the Third Amended Complaint because the court struck only their September 2017 answer to the original complaint, and they were not required to file an answer to the Third Amended Complaint.

Appellants are correct that they were not required to file an answer to the Third Amended Complaint. OCGA § 9-11-15 (a) provides that "[a] party *may* plead or move in response to an amended pleading" (emphasis supplied), and OCGA § 9-11-8

3

(d) provides that "[a]verments in a pleading to which no responsive pleading is required . . . shall be taken as denied[.]" The effect of a failure to respond to an amended complaint, therefore, is that the allegations of the amended complaint stand denied. See *Shields v. Gish*, 280 Ga. 556, 557 (1) (629 SE2d 244) (2006); *Building Assoc. v. Crider*, 141 Ga. App. 825-826 (1) (234 SE2d 666) (1977). Appellants are also correct that it is error for a trial court to find a party in default for failing to file an answer to an amended complaint. See *Shields*, 280 Ga. at 558 (2).

But here, the Appellants' answers were struck as a discovery sanction, not for failure to respond to the Third Amended Complaint. In its sanctions order, entered *after* the Third Amended Complaint, the trial court simply stated that Appellants' "answers . . . are hereby stricken." At the time of the default, the Third Amended Complaint was the effective complaint,[1] and its allegations stood denied. And given that the spoliation sanctions were entered after the Third Amended Complaint was filed, no notice issues arise. See *Water's Edge Plantation Homeowner's Assoc. v. Reliford*, 315 Ga. App. 618, 620-621 (727 SE2d 234) (2012) (plaintiff was not

---

[1] "As a general rule an amended complaint supersedes and replaces the original complaint, unless the amendment specifically refers to or adopts the earlier pleading." (Citations and punctuation omitted.) *Hill v. Board of Regents of the Univ. System of Georgia*, 351 Ga. App. 455, 466 (3) (829 SE2d 193) (2019).

4

entitled to default judgment for claim of attorney fees raised in amended complaint that was filed after the defendants had already gone into default of the original complaint because the defendants had no notice of the claim).

Accordingly, the sanctions order was not limited to Appellants' July 2017 answers to the original complaint; it also encompassed Appellants' imputed answers to the Third Amended Complaint. See generally *AMLI Residential Properties v. Ga. Power Co.*, 293 Ga. App. 358, 361 (1) (667 SE2d 150) (2008) (trial court has wide discretion to fashion appropriate sanctions when a party destroys or fails to preserve evidence). Because the court struck the Appellants' answers in toto, the Appellants were in default as to the allegations of the Third Amended Complaint. Accordingly, we find no reversible error.

2. Appellants also contend that they are entitled to a jury trial on the issue of damages. The State argues that no jury trial is warranted because it sought only restitution and civil penalties, but not damages.

When a case in default "is one ex delicto or involves unliquidated damages . . . the plaintiff shall be required to introduce evidence and establish the amount of damages before the court without a jury, with the right of the defendant to introduce evidences as to damages[.]" OCGA § 9-11-55 (a). "[I]n the event a defendant, though

in default, has placed damages in issue by filing a pleading raising such issue, either party shall be entitled, upon demand, to a jury trial of the issue as to damages." Id. Appellants contend that the restitution remedies that the State seeks for their FBPA violations count as "damages" within the meaning of OCGA § 9-11-55 (a), and that their "Answer on Damages and Demand for a Jury Trial" placed damages in issue and entitled them to a jury trial on that issue. The question, then, is whether the State's FBPA remedy of restitution qualifies as "damages" within the meaning of OCGA § 9-11-55 (a).

The resolution of this issue is primarily governed by the language of the FBPA. Under the well-established rules of statutory construction,

> we must presume that the General Assembly meant what it said and said what it meant. To that end, we must afford the statutory text its plain and ordinary meaning, we must view the statutory text in the context in which it appears, and we must read the statutory text in its most natural and reasonable way, as an ordinary speaker of the English language would. The common and customary usages of the words are important, but so is their context. For context, we may look to other provisions of the same statute, the structure and history of the whole statute, and the other law—constitutional, statutory, and common law alike—that forms the legal background of the statutory provision in question.

(Citations and punctuation omitted.) *Johnson v. State*, _ Ga. _ (839 SE2d 521) (2020).

As a general matter, the FBPA may be enforced through both governmental and private action, each with its own remedies. If the State sues to enforce the FBPA, its statutory remedies are listed in OCGA § 10-1-397 (b) (2), which provides for injunctive relief, civil penalties, declaratory judgment, "[r]estitution to any person or persons adversely affected by a defendant's actions in violation of [the FBPA]," appointment of a receiver, and "[o]ther relief as the court deems just and equitable." This list of remedies does not include the word "damages." See OCGA § 10-1-397 (b) (2). Indeed, the legislature revised the FBPA in 1988 to eliminate "damages on behalf of any person or persons entitled to bring an action in his or their own behalf" as a remedy available to the government. See Ga. L. 1988, p. 1659, § 2. A private individual suing to enforce the FBPA, on the other hand, may recover both "equitable injunctive relief" *and* "general and exemplary damages." OCGA § 10-1-399 (a).[2]

The rules of statutory interpretation dictate that the words in separate sections of the FBPA not be construed in isolation:

---

[2] "Damages" available to a private individual for actual injury suffered "means relief other than the refund of the purchase price and restitution." *Edel v. Southtowne Motors of Newnan II*, 338 Ga. App. 376, 379 (2) (789 SE2d 224) (2016), quoting *Small v. Savannah Intl. Motors*, 275 Ga. App. 12, 16 (4) (619 SE2d 738) (2005).

7

Particular words of statutes are not interpreted in isolation; instead, courts must construe a statute to give sensible and intelligent effect to all of its provisions. When words in a statute are repeated in subsequent parts of the same statute, we presume that the legislature intended for the words to be understood in the same sense. Conversely, it is generally presumed that the legislature acts intentionally and purposely when it includes particular language in one section of a statute but omits it in another.

(Citation and punctuation omitted.) *Tolson v. Sistrunk*, 332 Ga. App. 324, 330 (1) (772 SE2d 416) (2015). This parallel enforcement scheme, the specific inclusion of "damages" as a remedy available to a private litigant and the omission of that remedy for State enforcement actions, and the history of changes to the applicable law supports our conclusion that FBPA restitution is not the same thing as "unliquidated damages" under OCGA § 9-11-55 (a). Accordingly, we find no error in the trial court's conclusion that the Appellants are not entitled to a jury trial on the amount of restitution.

*Judgment affirmed. Dillard, P. J., and Brown, J., concur*.