**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**HODGES and PIPKIN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**September 10, 2025**

# In the Court of Appeals of Georgia

A25A1162. AKIN v. HALSELL et al.

MCFADDEN, Presiding Judge.

Wendell Halsell's property was sold for unpaid property taxes. Andrew Akin purchased the rights under the tax deed, and eventually began the process to foreclose the right of redemption. Halsell filed this action seeking declaratory and injunctive relief to stop the process, alleging that he had redeemed the property.

The trial court ruled in Halsell's favor and awarded him attorney fees on the ground that Akin had acted in bad faith in refusing Halsell's attempts to redeem the property. Akin filed this appeal. We hold that the trial court did not err in finding that Halsell had redeemed the property and that Akin had acted in bad faith. So we affirm.

1. *Background*

The trial court conducted evidentiary hearings, one on the redemption issue and one on the attorney fees issue, and entered orders with findings of fact. "A trial court's findings of fact after an evidentiary hearing will not be set aside unless completely erroneous. But the trial court's application of law to undisputed facts is subject to de novo appellate review." *Murdock v. Madison River Terminal*, 249 Ga. App. 608, 609 (547 SE2d 802) (2001) (citations and punctuation omitted).

So viewed, the record shows that in 2010, Halsell, through his company Georgia Big Dog Towing, LLC, purchased the property at issue. The warranty deed conveying title contains an error that would become a source of contention a decade later. It omitted the word "Georgia" from the name of the grantee; instead it listed Big Dog Towing, LLC as the grantee. Nevertheless, the form for paying the real estate transfer tax that was filed with the deed listed the purchaser as Georgia Big Dog Towing, LLC.

In 2018, Halsell prepared and executed a quitclaim deed transferring the property to himself individually so that he could claim a homestead exemption on his property taxes. His limited mobility and then the COVID-19 pandemic prevented him from traveling to the courthouse to record the deed.

In 2021, taxes on the property had become delinquent; and the property was sold in a nonjudicial tax sale. The tax deed lists Big Dog Towing, LLC as the defendant in fi. fa. and as the delinquent taxpayer. Andy Akin purchased the rights conferred by the tax deed.

Halsell's attorney contacted Akin to redeem the property. Although Akin quoted a redemption amount, he questioned Halsell's interest in the property. Halsell's attorney responded that her client is Halsell; that his business was the defendant in fi. fa.; and that Georgia Big Dog Towing and Big Dog Towing were the same entity. She explained that there had been a scrivener's error in the original deed, and provided Akin with documents from the secretary of state showing that Halsell was the organizing member and managing member of Georgia Big Dog Towing. She also provided a copy of the transfer tax form showing that Georgia Big Dog Towing was the correct grantee.

Akin responded that he was not convinced that there was a scrivener's error in the deed. He noted that court records showed that Halsell had been served personally with a complaint by the homeowner's association against Big Dog Towing, not Georgia Big Dog Towing, and had answered on Big Dog Towing's behalf.

3

Nevertheless, Halsell delivered to Akin a certified check in the redemption amount that Akin had quoted — even though Halsell believed that amount to be inflated.

Akin refused the tender of the redemption amount on the ground that Halsell's counsel "failed to provide evidence" that Halsell had any interest in the property. Instead, Akin began the process of foreclosing the right to redeem. He had the sheriff serve Halsell with the notices of the right to redeem in three capacities: on behalf of Big Dog Towing; on behalf of Halsell individually; and on behalf of the occupant of the property.

Halsell's attorney made further attempts to resolve the issue, summarizing the basis for allowing Halsell to redeem and including documentation. She also renewed his offer to redeem the property.

Akin did not respond, so Halsell filed this action. Among other things, he sought a declaration that he had redeemed the property; injunctive relief to prevent foreclosure of the right to redeem; and attorney fees.

After a hearing, the trial court ruled that Halsell had an interest in the property and had redeemed it; that Akin's refusal of Halsell's tender waived the right to further

tender; and that Halsell was entitled to attorney fees. After another hearing, the trial court awarded Halsell $25,000 in attorney fees under OCGA §§ 9-15-14 and 13-6-11.

Akin filed this appeal.

2. *Tender of the redemption amount*

Several of Akin's enumerations of error stem from the premise that the tender of the redemption amount was invalid. He argues that, given the invalid tender, the trial court erred by ruling that Halsell, Georgia Big Dog Towing, or both legally redeemed the property and that Akin's rejection of the tender waived the necessity of making a further tender. He also argues that, because the tender was invalid, the trial court erred in ruling that OCGA § 48-4-47 (a), which requires tender as a prerequisite to filing suit, did not bar Halsell's complaint. We hold that the trial court did not err in finding that the tender was valid. So Akin's enumerations of error lack merit.

Under OCGA § 48-4-40, "the defendant in fi. fa. or any person having any right, title, or interest in or lien upon such property may redeem the property from the [tax] sale by the payment of the amount required for redemption. . . ." And because

> the enforcement and collection of taxes through the sale of the
> taxpayer's property has been regarded as a harsh procedure, . . . the

policy has been to favor the rights of the property owner in the interpretation of [the tax-sale] laws. Since the policy has been to favor the property owner[,] provisions permitting the owner to redeem his property are liberally construed to accomplish their objectives.

*Wallace v. President Street*, 263 Ga. 239, 240-241 (1) (430 SE2d 1)(1993) (citation and punctuation omitted).

Akin argues that the tender was invalid because it was made on behalf of Georgia Big Dog Towing, which had no interest in the property — since Halsell had quitclaimed Georgia Big Dog Towing's interest to himself personally. We disagree. As the trial court found, under OCGA § 48-4-40, the defendant in fi. fa. has the right to redeem, and Georgia Big Dog Towing was the defendant in fi. fa.

In any event, the evidence does not show that the redemption funds were tendered exclusively on behalf of Georgia Big Dog Towing, as Akin argues. Rather, the evidence supports the trial court's finding that Halsell "attempted to redeem the property on behalf of himself individually, Georgia Big Dog Towing, and Big Dog Towing."

Halsell's attorney informed Akin that she represented Halsell; that his business is the defendant in fi. fa.; and that her "client" was "ready to pay the full redemption

6

amount" quoted by Akin, even though Halsell disputed the quoted amount. She had a certified check delivered to Akin and emailed him that "[c]ertified funds for redemption have been delivered to your mailbox." She did not specify in the email on whose behalf the funds were tendered.

The trial court did not err in concluding that the tender was valid. See *Lamar v. Sheppard*, 80 Ga. 25, 27 (5 SE 247) (1887) (wife of owner of property interest could tender the money required to redeem the property).

Because the tender was valid, the trial court did not err in concluding that the property had been redeemed and that Akin's rejection of the tender waived the obligation to make another tender. *Nix v. 230 Kirkwood Homes*, 300 Ga. 91, 99 (3) (793 SE2d 402) (2016). And because the tender was valid, the trial court likewise did not err in holding that Halsell complied with OCGA § 48-4-47 (a) before filing this action.

We do not reach Akin's enumerations that the trial court erred by alternately holding that Halsell had the right to redeem because he had obtained title through adverse possession or that Halsell lacked standing to act on behalf of his company even thought he was the company's managing member.

3. *Attorney fees*

Akin challenges the attorney fees award. We hold that the trial court did not err in awarding fees.

The trial court awarded fees under OCGA §§ 13-6-11 and 9-15-14 (a) and (b). OCGA § 13-6-11 authorizes the award of attorney fees "where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense. . . ." Akin argues that the purpose of a declaratory judgment action, such as this one, is "to settle and afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations. . . ." OCGA § 9-4-1. So, he argues, as a matter of law, Halsell's filing of a declaratory judgment action means that there was no bad faith so as to entitle Halsell to attorney fees under OCGA § 13-6-11.

We have held that OCGA § 13-6-11 is generally inapplicable in declaratory judgment actions. *General Hosps. of Humana v. Jenkins*, 188 Ga. App. 825, 828-829 (2) (374 SE2d 739) (1988). But see *Kammerer Real Estate Holdings v. Forsyth County Bd. of Commrs.*, 302 Ga. 284, 287 (4) (806 SE2d 561) (2017) (declining to address "whether attorney fees are available under OCGA § 13-6-11 in connection with declaratory and mandamus relief," given the absence of briefing on the issue).

Here, however, Halsell sought not only declaratory relief but also injunctive relief. "Attorney fees and expenses under OCGA § 13-6-11 can be recovered in proceedings in equity[.]" *Water's Edge Plantation Homeowner's Assn. v. Reliford*, 315 Ga. App. 618, 619 (727 SE2d 234) (2012) (citation omitted). That includes suits for injunctive relief. See *Adams v. Cowart*, 224 Ga. 210, 215 (6) (160 SE2d 805) (1968). See also *Forsyth County v. Martin*, 279 Ga. 215 (610 SE2d 512) (2005) (affirming award of attorney fees under OCGA § 13-6-11 in action for mandamus, declaratory, and injunctive relief).

"The bad faith referred to in [OCGA § 13-6-11] pertains to the transaction out of which the cause of action arose . . . ." *Adams*, 224 Ga. at 215 (6) (addressing the predecessor to OCGA § 13-6-11, former Code § 20-1404). See generally *Love v. McKnight*, 321 Ga. 196, 198-201 (2) (913 SE2d 614) (2025).

The trial court found that Akin had "acted in bad faith, [had] been stubbornly litigious, and/or [had] caused [Halsell] unnecessary trouble and expanse by refusing [Halsell's] multiple efforts to redeem the property." The court found that "there was no reason to refuse the redemption amount and force the litigation"; that Akin "declined to respond to [Halsell's] continued efforts to resolve the dispute without

9

litigation"; and that Akin "pursued foreclosure of the right to redeem, effecting service on the very person he claimed had no redemption rights, . . . forcing [Halsell] to file this case." Based on these findings, which are supported by the record, the trial court did not err in awarding Halsell attorney fees under OCGA § 13-6-11. *B-X Corp. v. Jeter*, 210 Ga. 250, 255 (3) (78 SE2d 790) (1953).

We do not address whether the attorney fees award was alternately sustainable under OCGA § 9-15-14. See *Day v. Mason*, 357 Ga. App. 836, 843 (4) (851 SE2d 825) (2020) ("a trial court's award of attorney fees need not be vacated and remanded if the full amount of the trial court's award can be independently sustained under an alternative statutory provision that was asserted as a basis for an award of fees in the court below") (citation and punctuation omitted).

*Judgment affirmed. Hodges and Pipkin, JJ., concur.*